{¶ 33} I concur in judgment only with the majority opinion and write this separate concurring opinion.
 {¶ 34} We note that the dissent maintains that the trial court committed prejudicial error by instructing the jury that Voluntary Manslaughter is an affirmative defense to Murder instead of a lesser included offense of Murder. The dissent maintains that in so instructing the jury, the jury was reluctant in finding Defendant guilty of Voluntary Manslaughter because the jury believed that in doing so the Defendant would be exonerated and set free. We decline to reach the same conclusion.
 {¶ 35} The dissent assumes the jury possesses a sophistication to the level of a legal degree in that it would know that the term "affirmative defense" is an absolute defense to murder. We believe it is apparent by the jury's finding of not guilty of Voluntary Manslaughter and guilty of Murder that the jury believed that the Defendant could have been guilty of Voluntary Manslaughter and by being found guilty of a crime, necessarily would not have been set free.
 {¶ 36} Furthermore, a review of the prosecutor's closing argument displays that the court did not allow the prosecutor to argue that by rendering a guilty verdict on the Voluntary Manslaughter charge the jury would find the Defendant was justified in the killing. In fact, the trial court on three occasions sustained an objection to the prosecutor's use of word "justified" or "justification." The jury is more likely to understand the meaning of "justification," a term more commonly understood versus "affirmative defense," a legal term of art. Thus, in light of the trial court's refusal to accept the prosecutor's use of the term "justification" to explain the Voluntary Manslaughter charge, we are more inclined to believe the jury understood that Voluntarily Manslaughter was not a justification of the killing and thus, would not serve as a complete exoneration of the killing.
 {¶ 37} Accordingly, although we find the trial court erred in its instruction that the Voluntary Manslaughter charge was an
 DISSENTING OPINION